| | | |
|---|---|---|
| NINGBO HAOYANG JIXIE GONGJU YOUXIAN GONGSI<br><br>Plaintiff<br><br>v.<br><br>DUOMING ZHONG,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **United States District Court**<br>**Northern District of Illinois**<br><br>Case No. 26-cv-10573<br><br>**JURY TRIAL DEMANDED** |

---

**COMPLAINT**

---

Plaintiff Ningbo Haoyang Jixie Gongju Youxian Gongsi ("NHJYG"), for its complaint against defendant Duoming Zhong ("Zhong"), alleges as follows:

**Parties**

1. NHJYG is a company with its principal place of business at Ningbo, China. Among other things, NHJYG sells adjustable weight dumbbells via online retailers.

2. Zhong is an individual residing in Heyuan, China.

**Nature of Action**

3. This is an action for declaratory judgment of invalidity of U.S. patent 12,594,453 ("the '453 patent) (attached as Ex. A), which is owned by Zhong, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Laws, 35 U.S.C. § 100 *et. seq*., and for such other relief as the Court deems just and proper.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over NHJYG's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Zhong because Zhong has established sufficient contacts with and has purposefully availed itself to this forum by virtue of having

previously filed a patent infringement suit in this Court against NHJYG alleging infringement of the '453 patent.

6. Venue is proper in this District because Zhong is not a resident in the United States and may be sued in any judicial district, including in patent cases, under 28 U.S.C. § 1391(c)(3). Further, Zhong acknowledged that this District is an appropriate venue for this dispute relating to the '453 patent by filing a case for infringement of the '453 patent in this district.

**Background**

7. NHJYG sells several models of adjustable weight dumbbells, one of which is shown below.




8. NHJYG sells its adjustable weight dumbbells (the "EQUIPRO dumbbells") via online retailers such as Amazon, including the following listings: B0DL3GCRZQ, B0DL3DT79P, B0DL3C7JB5, and B0DL3DT43L.

9. On June 24, 2026, Zhong filed a complaint for patent infringement in federal court in this District (Case No. 1:26-cv-07374), alleging that NHJYG's products infringe Zhong's '453 patent.

10. Zhong subsequently voluntarily dismissed without prejudice the aforementioned case on June 26, 2026.

11. Although the aforementioned case was dismissed, NHJYG currently experiences reasonable apprehension of future suit related to alleged infringement of the ‘453 patent. For example, NHJYG has attempted to reach a resolution with Zhong, and Zhong has refused to discuss settlement of Zhong’s patent infringement claim.

**Count I – Declaration of Invalidity of the ‘453 Patent**

12. NHJYG repeats, realleges, and incorporates by reference its allegations in each of the foregoing paragraphs of its Complaint as if fully set forth herein.

13. The ‘453 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

14. The claims of the ‘453 patent are invalid under 35 U.S.C. § 102(a) and 35 U.S.C. § 103 as being anticipated by and/or obvious in view of, *inter alia*, UK Pat. App. GB2610854A, China Pat. No. CN217139101U, China Pat. App. CN111921155A, China Pat. No. CN216824658U, U.S. Pat. Pub. No. 2003/0125169A1, U.S. Pat. No. 4,913,422, China Pat. No. CN209997094U, China Pat. No. CN212395719U, China Pat. App. CN106955455A, U.S. Pat. No. 12,102,866, U.S. Pat. No. 11,007,394, and U.S. Pat. No. 7,153,244, attached as Exhibits B-M.

15. All of the claims of the ‘453 patent are invalid as being anticipated, literally or by the doctrine of equivalents, and/or obvious in light of the prior art alone and/or in combination.

16. For example, UK Pat. App. GB2610854A discloses a modular free weight system comprising, *inter alia*, a handle; main and auxiliary counterweight blocks with block shells, fixed

cover plates, and iron plates; wherein the main and auxiliary blocks have detachably connectable connecting parts comprising (spinning) buckles / boss(es) and buckle fitting parts; wherein the spinning buckles have first stop convex block(s) and the spinning slot(s) have first stop edge(s) with notch(es); wherein the spinning buckle(s) can be inserted into the spinning slot(s) and rotated such that the main and auxiliary counterweight blocks are combined to form whole(s). The patent further discloses a locking device that locks the main and auxiliary counterweight block(s) when the spinning buckle is rotated, comprising elastic locking buckle(s) arranged on the counterweight block(s) and locking slot(s) arranged on the counterweight block(s). The patent further discloses positioning ball(s) slidably inserted into insertion slot(s) and positioning spring(s) matched with the positioning ball(s).



FIG 2A



FIG 1C

17. As an additional example, China Pat. No. CN216824658U discloses an adjustable dumbbell system comprising, *inter alia*, a handle; main and auxiliary counterweight blocks with block shells, fixed cover plates, and iron plates; wherein the main and auxiliary blocks have detachably connectable connecting parts comprising (spinning) buckles / boss(es) and buckle fitting parts; wherein the spinning buckles have first stop convex block(s) and the spinning slot(s) have first stop edge(s) with notch(es); wherein the spinning buckle(s) can be inserted into

the spinning slot(s) and rotated such that the main and auxiliary counterweight blocks are combined to form whole(s).



图4



图3

18. As an additional example, China Pat. No. 212395719U discloses a modular dumbbell system comprising, *inter alia*, a handle; main and auxiliary counterweight blocks with block shells, fixed cover plates, and iron plates; wherein the main and auxiliary blocks have detachably connectable connecting parts comprising (spinning) buckles / boss(es) and buckle fitting parts; wherein the spinning buckles have first stop convex block(s) and the spinning slot(s) have first stop edge(s) with notch(es); wherein the spinning buckle(s) can be inserted into the spinning slot(s) and rotated such that the main and auxiliary counterweight blocks are combined to form whole(s).



图2



图7

19. As an additional example, U.S. Patent No. 12,102,866 discloses a modular weight plate system, *e.g.*, for dumbbells, comprising, *inter alia*, a handle; main and auxiliary counterweights, wherein the main and auxiliary blocks have detachably connectable connecting parts comprising (spinning) buckles / boss(es) and buckle fitting parts; wherein the spinning buckles have first stop convex block(s) and the spinning slot(s) have first stop edge(s) with notch(es); wherein the spinning buckle(s) can be inserted into the spinning slot(s) and rotated such that the main and auxiliary counterweight blocks are combined to form whole(s). The patent further discloses a locking device that locks the main and auxiliary counterweight block(s) when the spinning buckle is rotated, comprising elastic locking buckle(s) arranged on the counterweight block(s) and locking slot(s) arranged on the counterweight block(s).



FIG. 1



FIG. 8

20. The ‘453 patent is invalid under 35 U.S.C. § 112 as being indefinite, lacking enablement, and/or lacking written description.

21. As a result of the acts described herein, there exists a substantial, justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22. A judicial declaration of invalidity is necessary and appropriate so that NHJYG may ascertain its rights regarding the ‘453 patent.

## Request for Relief

WHEREFORE, NHJYG requests that judgment be entered in its favor and against Zhong as follows:

A. All claims of the ‘453 patent are invalid;

B. An award of NHJYG’s reasonable attorneys fees and costs; and

C. Granting such other and further relief as the Court may deem appropriate.

## Jury Demand

NHJYG hereby demands a jury trial of all issues of fact not admitted by the Defendant.

Dated: September 1, 2026

s/Michael T. Griggs
Michael T. Griggs
BOYLE FREDRICKSON, S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
*Attorneys for Plaintiff*